IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| DONNA GRANT, | § | |
| | § | No. 245, 2021 |
| Petitioner Below, | § | |
| Appellant, | § | Court Below—Family Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | File No: CN20-02581 |
| AARON KELLY, Administrator | § | Petition No. 20-10923 |
| of the Estate of Richard T. Carter, | § | |
| | § | |
| Respondent Below, | § | |
| Appellee. | § | |

Submitted: May 11, 2022
Decided: May 12, 2022

Before **VALIHURA**, **VAUGHN,** and **TRAYNOR**, Justices.

## **ORDER**

This 12th day of May, 2022, after consideration of the parties' briefs and the record on appeal, it appears that:

(1)     When Donna Grant filed her Petition for Paternity Adjudication in the Family Court (the "Delaware Paternity Action"), a probate proceeding was pending in the North Carolina General Court of Justice, Superior Court Division.  In that proceeding, which was captioned *In the Matter of the Estate of [Richard Carter]*, Case No. 19 E 907, Grant alleged that she was the decedent's daughter and thus was "an interested person"[1] in the proceeding.

---

[1] This Court assigned pseudonyms to all parties under Supreme Court Rule 7(d).

(2)    The Delaware Paternity Action appears to have been designed to muster proof of the allegation she made in the North Carolina probate proceeding that Carter was Grant's father.

(3)    Aaron Kelly, who is the administrator of Carter's estate in North Carolina, is a resident of North Carolina. When she filed the Delaware Paternity Action, Grant was a resident of Massachusetts. Carter's other intestate heirs live in Texas and California, respectively.

(4)    Kelly moved to dismiss the Delaware Paternity Action in deference to the first-filed and then "pending estate proceedings in North Carolina,"[2] noting that "the issues between the parties are substantially interrelated and can be determined in North Carolina." The Family Court granted Kelly's motion.

(5)    Based upon our review of the record and the parties' briefs, we are satisfied that the Family Court correctly applied the first-filed rule as outlined in *McWane Cast Iron Pipe Corp. v. McDowell-Wellman Engineering Co.*[3] and did not abuse its discretion when it dismissed the Delaware Paternity Action.

---

[2] App. to Opening Br. at A93.
[3] 263 A.2d 281 (Del. 1970).

NOW, THEREFORE, IT IS ORDERED that the judgment of the Family Court is AFFIRMED.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice